UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 06-60908-CIV  COOKE/BROWN

RUSSEL MILLER AND
JACQUELINE MILLER,

    *Plaintiffs*,

v.

MARINA ONE, INC., MARINA ONE
YACHT SALES, LLC, FAIRLINE BOATS
PLC, AND FAIRLINE BOATS OF NORTH
AMERICA, INC.,

    *Defendants*.
_____/

## ORDER ON DEFENDANT MARINA ONE'S MOTION TO DISMISS

**BEFORE THE COURT** is Defendant Marina One, Inc.'s Motion to Dismiss Counts I, II, III, IV, and VI of the pending Complaint.  The Court will not dismiss any Counts with prejudice at this motion-to-dismiss stage as there exists no sufficient justification for doing so.

**I.**    **Factual Background**

This dispute arises from events dating back to September 27, 2002, when the Plaintiffs, ordinary consumers, purchased a pre-owned yacht ("Yacht") manufactured by Defendant Fairline PLC ("Fairline") and sold by Marina One, Inc. ("Marina").  Two years after the date of purchase, in October 2004, the Plaintiffs were out on their Yacht navigating the Intercostal Waterway of Ft. Lauderdale when the vessel suddenly caught fire, resulting in its complete destruction and the loss of the Plaintiffs' contents within it.  The Yacht also damaged another nearby vessel, the M/Y Carolinian; the Plaintiffs and their insurer paid those damages.

The Plaintiffs allege that a faulty electrical distribution panel on the Yacht caused the fire—that the Defendants negligently sold them a defective yacht. The Defendants, on the other hand, remain steadfast that the Plaintiffs bought the Yacht "as is," with informed consent that it may not be in tip-top condition. The Defendants maintain that the back page of the contract very clearly disavowed any warranty. The Plaintiffs retort by denying that the Defendants ever presented them with the back page by which various warranties were disclaimed. In fact, the Plaintiffs aver that the Defendants actually made affirmative representations warranting the vessel to be free of defects.

**II.     Motion to Dismiss Standard**

In deciding a motion to dismiss, a plaintiff's claim should not be dismissed "for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would entitle plaintiff to relief. *Conley v. Gibson* 355 U.S. 41, 45 (1957). Furthermore, a court can only examine the four corners of the complaint. *Crowell v. Morgan Stanley Dean Witter Services, Co., Inc.*, 87 F. Supp.2d 1287 (S.D. Fla. 2000). Importantly, the court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to plaintiff. *Scheur v. Rhodes* 416 U.S. 232 (1974). This, however, does not give a plaintiff carte blanche to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Additionally, certain causes of action, such as conspiracies, may require pleading specificity somewhat beyond the *Conley* requirements. *Id*. Finally, this Court may consider the disputed contract in deciding this matter without converting the underlying motion to dismiss into a motion for summary judgment. *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir.

2005).

**III.    Analysis**

Count I asserts a breach of express warranty against Marina.  The Plaintiffs allege that at the time of sale, Defendant Marina verbally warranted the Yacht to be free of defects.  Defendant Marina has moved to dismiss this Count based on the hotly contested back page that allegedly disavowed any warranty.

Florida contract law on parloe evidence states, "Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." FLA. STAT. § 672.202.  The statute, thus, prohibits introducing statements that "contradict" the agreement "set forth in a writing intended by the parties as a final expression."

Defendant Marina thus claims that the back page of the contract precludes the Plaintiffs from asserting any verbal warranty.  The Plaintiffs, however, dispute the existence of the back page all together; they plead the same in their complaint.  Having pleaded this allegation, the Plaintiffs do have a sufficient basis to proceed with their breach of express warranty claim.

Count II alleges a breach of implied warranties.  Defendant Marina has moved for dismissal on this Count, again, based on the back page of the contract, stating that it expressly disclaimed any implied warranty.  But since the Complaint calls the back page itself into dispute, the Count cannot be dismissed at this stage.

Counts III and IV, respectively, raise claims of negligence and strict liability.  Defendant

Marina has moved to dismiss these tort claims under the Economic Loss Rule.  This Economic Loss Rule, however, cannot be invoked here as the Parties were in a noncommercial relationship and the plaintiffs suffered damage to their personal property.  *See Farley v. Magnum Marine Corp., N.V.*, 1995 WL 795711.

Count VI is a contribution claim by which the Plaintiffs, in case of a finding of contributory negligence, seek entitlement to a pro rata percentage of responsibility for damages paid to the owners of the M/Y Carolinian.  Defendant Marina has moved to dismiss this Count for noncompliance with Florida Statute 768.31(2)(d), which requires that "[a] tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement or in respect to any amount paid in a settlement which is in excess of what was reasonable."  Defendant Marina is correct that the Plaintiffs have not complied with this code section.  The defect is curable, however.

Based on the foregoing, the Court hereby

**ORDERS and ADJUDGES** as follows:

1. Defendant Marina's Motion to Dismiss is **DENIED** *with prejudice* as to all but Count VI.

2. Count VI is **DISMISSED** *without prejudice*.  The Plaintiffs may move the Court

to reinstate Count VI by curing the statutory defect on or before September 28, 2007.

**DONE AND ORDERED** in Chambers, Miami, Florida, this 14th day of September, 2007.

_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of Record*